UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JERMAINE CORNELIUS CARTER, | Case No. EDCV 16-2553-JLS(AJW) |
| Petitioner, | MEMORANDUM AND ORDER DISMISSING PETITION |
| v. | |
| W.L. MONTGOMERY, | |
| Respondent. | |

On January 3, 1995, petitioner was convicted of one count of special circumstance first-degree murder, one count of second-degree murder, and four counts of robbery. [Petition at 2]. On September 23, 2014, petitioner filed a habeas corpus petition in this Court challenging his 1995 conviction. Case No. EDCV 14-1970-JLS(AJW).[1] On May 25, 2016, judgment was entered dismissing the petition as untimely. The Ninth Circuit dismissed petitioner's appeal for lack of jurisdiction.

Petitioner filed the current petition for a writ of habeas corpus on December 12, 2016. The petition, which again challenges petitioner's 1995 conviction, is successive. See McNabb v. Yates, 576 F.3d 1028, 1029-1030 (9th Cir. 2009) (per curiam) (holding that a dismissal with

---

[1] The Court takes judicial notice of official court files. See Fed. R. Evid. 201.

1 prejudice under the statute of limitation renders subsequent petitions
2 successive under the AEDPA).
3    "Before a second or successive application permitted by this
4 section is filed in the district court, the applicant shall move in the
5 appropriate court of appeals for an order authorizing the district
6 court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent
7 authorization from the Court of Appeals, this Court lacks jurisdiction
8 over a successive petition. See Magwood v. Patterson, 561 U.S. 320,
9 330-331 (2010); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir.
10 2001), cert. denied, 538 U.S. 984 (2003).
11    Because petitioner has not obtained leave from the Court of
12 Appeals to file a successive petition, the petition is dismissed for
13 lack of jurisdiction.[2]
14    **It is so ordered.**
15
   Dated: January 11, 2017
16
                                     _____
17                                   Josephine L. Staton
                                     United States District Judge

---

[2] Ninth Circuit Rule No. 22-3(a) provides that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.